13075

EX PARTE STEVENSON
EX PARTE GLENN-ABELL MOTOR COMPANY
RATCHFORD ET AL. v. BANK OF CARLISLE ET AL.
(2 Cases)

(157 S. E., 78)

Messrs. *R. B. Caldwell* and *James H. Glenn,* for appellants,

Mr. *John K. Hamblin,* for respondents,

February 25, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The Bank of Carlisle, at Carlisle, S. C., was closed and taken over by the State Bank Examiner on November 13, 1925, and subsequently the main action entitled above was instituted for the purpose of having a receiver appointed and its affairs liquidated.

It is assumed, though not distinctly appearing in the record, that a receiver was appointed. At any rate, during the progress of the main cause, the appellants Stevenson and Glenn-Abell Motor Company filed separate claims, the one for $499.40 and the other for $130.50, each claiming that he was entitled to be paid in full out of certain funds which were on deposit with the First National Bank of Richmond,

to the credit of the Bank of Carlisle, at the time of its closing, and which were turned over to the receiver.

The two claims are precisely upon the same footing, and it will be convenient to discuss the Stevenson claim by itself, the conclusions as to which will control the disposition of the other.

On November 9, 1925, John A. Stevenson deposited with the Commercial Bank of Chester, for collecton, his personal check on the Merchants' & Farmers' Bank of Carlisle, S: C., for $500. The Chester Bank forwarded the check to the Murchison National Bank of Wilmington, N. C., for collection and remittance. The Wilmington bank forwarded the check to the Bank of Carlisle, a different bank from the Merchants' & Farmers' Bank, for collection and remittance. The Bank of Carlisle, to which the check had been transmitted by the Wilmington bank, received it on November 12, 1925. The check was presented by it to the Merchants' & Farmers' Bank upon which it had been drawn, and was taken up in a daily clearance between the two banks in Carlisle. The Bank of Carlisle, the final collecting bank, then remitted to the Wilmington bank its draft or check upon the First National Bank of Richmond for $499.40 (the $500, less 60 cents exchange). The Wilmington bank then forwarded the $499.40 check or draft to the Richmond bank upon which it was drawn for collection and remittance. The Richmond bank received the check on November 14, 1925, but refused payment, for the reason that it had been advised that the Bank of Carlisle, the drawer of the check or draft, had on the previous day, November 13th, been closed and taken over by the State Bank Examiner. The check was then returned by the Richmond bank to the Wilmington bank, and by it to the Chester bank, the original depositary, which turned it over to the drawer Stevenson.

On the day that the Bank of Carlisle transmitted to the Wilmington bank the check or draft for $499.40 on the

Richmond bank, it had a balance of $2,672.71 to its credit with the Richmond bank, which sum was, after the check or draft of $499.40 had been turned down, transmitted to the receiver of the Bank of Carlisle, and it has been since retained by the receiver as a separate fund. From it the drawer Stevenson claims the right to be paid in preference to the general creditors of the Bank of Carlisle.

The case was referred to the Master of Union County, who took the testimony offered and filed a report holding that Stevenson had a preferred claim to be paid out of the fund which had been transmitted to the receiver by the Richmond bank.

The matter then came on to be heard by his Honor, Judge Sease, who filed a decree (without date in the record), reversing the Master's report, holding that the claim should be allowed only as an ordinary claim and not as a preferred claim.

From this decree the claimant Stevenson has appealed to this Court.

The Bank of Carlisle held the Stevenson check of $500, on the Merchants' & Farmers' Bank of Carlisle, for collection and remittance to the Wilmington bank; it held other similar checks; the Merchants' & Farmers' Bank held similar checks upon the Bank of Carlisle; a clearance, as it is called, was effected between the officers of the two banks, the difference between the aggregate sums of the several batches of checks being made up by a check issued by the bank whose aggregate of checks upon the other bank was less than the latter's against it. It does not appear which of the two banks had the greater aggregate, nor does it matter; in either event the check of Stevenson which the Bank of Carlisle held for collection from the other bank was paid either in cash, by check, or by a credit upon what the Bank of Carlisle owed to the other bank.

Under the case of *Citizens' Bank v. Bradley*, 136 S. C., 511; 134 S. E., 510. After the collection of the check by the Bank of Carlisle, the relation of Stevenson to the bank was that of creditor, which does not entitle him to a preference.

The claim of the Glenn-Abell Motor Company must take the same course.

The judgment of this Court is that the decree of his Honor, Judge Sease, be affirmed.

MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.